IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JERRY ALLEN GAINES, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | CIVIL ACTION NO. H-05-3086 |
| § | |
| NATHANIEL QUARTERMAN, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, CORRECTIONAL INSTITUTIONS § | |
| DIVISION,[1] § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND RECOMMENDATION GRANTING
RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Pending in this proceeding brought pursuant to 28 U.S.C. § 2254 is Respondent's Motion for Summary Judgment (Document No. 21). Having considered Respondent's motion, Petitioner's response in opposition (Document No. 24), the claims Petitioner raises in this § 2254 proceeding, the state court records, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Respondent's Motion for Summary Judgment be GRANTED, and this § 2254 proceeding be DISMISSED WITH PREJUDICE on the merits.

**I.     Procedural History**

Jerry Allen Gaines ("Gaines") is currently incarcerated in the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID") as a result of a 1993 felony conviction for unlawful

---

[1] Effective June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice, "Correctional Institutions Division" (formerly the "Institutional Division"). Pursuant to FED. R. CIV. P. 25(d)(1), Quarterman is substituted as Respondent in this case.

possession of a firearm by a felon in the 186rd District Court of Harris County, Texas, Cause No. 658156, for which was sentenced to twenty-six years incarceration. Gaines is not challenging the validity of that conviction in this proceeding.

In this proceeding, Gaines is challenging the loss of street time credit and previously accrued good conduct time credits upon the revocation of his parole on April 2, 2004. According to Gaines, the loss of such credits towards the expiration of his sentence(s) has effectively increased his sentence, and constitutes a violation of the ex post facto clause, the Fifth Amendment, the Sixth Amendment and the Fourteenth Amendment. In an Order entered on November 18, 2005 (Document No. 9), all but Gaines' due process claim were dismissed. As for the due process claim, Respondent was ordered to file an answer or other responsive pleading. Respondent has filed a Motion for Summary Judgment (Document No. 21), arguing that no relief is available to Gaines on his due process claim and that the Texas Court of Criminal Appeals' rejection of the claim was reasonable. Petitioner has filed a response in opposition to the Motion for Summary Judgment (Document No. 24). This § 2254 proceeding is ripe for ruling.

**II.**     **Discussion**

The sole claim remaining in this case is Gaines' claim that he had a protected property interest in the retention of his street time upon the revocation of his parole. Respondent argues in the Motion for Summary Judgment that Gaines has no such interest given his prior conviction for aggravated robbery, which renders § 508.283 of the Texas Government Code inapplicable to him. Respondent further argues that the Texas Court of Criminal Appeals' rejection of this due process claim on that basis is not contrary to or an unreasonable application of clearly established Federal

law as determined by the Supreme Court nor is it based on an unreasonable determination of the facts in light of the evidence presented.

In 2001, the Texas Legislative amended § 508.283 of the Texas Government Code to allow for the retention of street time credit by some inmates. Section 508.283, however, does not apply to offenders convicted of certain offenses, including aggravated robbery. *See* TEX. GOV'T CODE § 508.283(b), (c); 508.149(a)(12). Here, while the record shows that Gaines is currently serving a sentence for the offense of felon in possession of a firearm, Gaines has previously been convicted of aggravated robbery. *See Ex Parte Gaines*, Application No. 33,206-03 at 32, 59. Because Gaines' prior aggravated robbery offense made him ineligible for the street time credit allowed for some offenders under § 508.283 of the Texas Government Code, Gaines had no protected property interest in the retention of his street time credits, and no right to due process in connection with the forfeiture of such street time credits. *See Wilson v. Quarterman*, 2006 WL 1737534 (S.D. Tex. 2006). Gaines' remaining due process claim therefore fails on the merits and under § 2254(d).

### III.  Conclusion and Recommendation

Based on the foregoing and the conclusion that this Gaines has no protected interest in the retention of his street time credits upon the revocation of his parole, the Magistrate Judge

RECOMMENDS that Respondent's Motion for Summary Judgment (Document No. 21) be GRANTED, that Petitioner Jerry Allen Gaines' Federal Application for Writ of Habeas Corpus (Document No. 1) be DENIED, and this § 2254 proceeding be DISMISSED WITH PREJUDICE on the merits.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented

parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 30th day of August , 2006.

Frances H. Stacy
United States Magistrate Judge